IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
DANNY L. BAKER,                   )
                                  )
          Plaintiff,              )
                                  )
     v.                           )      1:10CV660
                                  )
ACCOR NORTH AMERICA MOTEL 6       )
OPERATING LP,                     )
                                  )
          Defendant.              )
```

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge for a recommended ruling on Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to Prosecute His Case (Docket Entry 13). (See Docket Entry dated Apr. 14, 2011; see also Fed. R. Civ. P. 72(b)(1).) For the reasons that follow, the Court should grant Defendant's instant Motion.

BACKGROUND

This case began when Plaintiff filed a pro se Complaint (Docket Entry 2), along with an Application for Leave to Proceed In Forma Pauperis (Docket Entry 1). The Court granted Plaintiff pauper status, forwarded him a summons form for completion, and directed the United States Marshal's Office to serve the completed Summons (and Complaint) on Defendant. (See Docket Entry 4.) Plaintiff apparently returned the completed Summons, because the Marshal's Office filed documentation reflecting that it made

service of process on Defendant (Docket Entry 7) and Defendant thereafter answered (Docket Entry 9).

The Court then noticed the Initial Pretrial Conference. (See Docket Entry 11.) This Notice specifically advised the parties as follows:

> **Local Rule 16.1(b) provides that the parties must hold their R. 26(f) conference at least 14 days before the scheduled initial pretrial conference and submit to the court their report within 10 days thereafter.** The scheduled initial pretrial conference is automatically canceled upon the submission to the court of the Joint Rule 26(f) Report (LR 16.2). **If parties are unable to reach agreement on a discovery plan and therefore submit separate Rule 26(f) Reports (LR 16.3), they shall appear for the scheduled initial pretrial conference.**

(Id. at 1 (bold and underlining in original).)

Defendant timely filed an individual Rule 26(f) Report, in which it related that it had "attempted to contact Plaintiff regarding the parties' Rule 26(f) Report. Plaintiff, however, failed to communicate with Defendant." (Docket Entry 12 at 1.) Defendant served Plaintiff with said filing. (See id. at 4.) Plaintiff did not file an individual Rule 26(f) Report as the Court's Local Rule 16.3 requires in the absence of an agreement on a Joint Rule 26(f) Report (and as the Notice advised). (See Docket Entries dated Sept. 29, 2010, to present.) Counsel for Defendant appeared at the Initial Pretrial Conference, but Plaintiff did not; the Court thereafter adopted Defendant's Rule 26(f) Report. (See Docket Entries dated Nov. 18, 2010.)

-2-

Defendant subsequently filed the instant Motion, which it served on Plaintiff. (See Docket Entry 13 at 3.) In said Motion, Defendant requested dismissal under Federal Rule of Civil Procedure 41(b) on the ground that "Plaintiff refused to respond to multiple attempts to contact him, failed to submit a Rule 26(f) Report, disobeyed the Court's order by not attending the Initial Pretrial Conference, and did not provide his initial disclosures." (Id. at 1.) As to the last of these items, Defendant's brief (which it served upon Plaintiff (see Docket Entry 14 at 6)) further reported that, "[p]ursuant to Fed. R. Civ. P. 26(a)(1)(a), the parties' initial disclosures were due December 2, 2010. [Defendant] served Plaintiff with its initial disclosures on December 2, 2010 . . . [but Plaintiff] failed to do the same" (Docket Entry 14 at 2).

The Clerk thereafter mailed Plaintiff a letter explaining that he had "the right to file a 20-page response in opposition to [Defendant's instant Motion] . . . accompanied by affidavits setting out [his] version of any relevant disputed material facts or [by] . . . other responsive material." (Docket Entry 17 at 1.) The letter specifically cautioned Plaintiff that a failure to respond "may cause the [C]ourt to conclude that [Defendant's] contentions [we]re undisputed and/or that [Plaintiff] no longer wished to pursue the matter." (Id.)

Plaintiff has not responded to the instant Motion. (See Docket Entries dated Jan. 24, 2011, to present.)

DISCUSSION

Under this Court's Local Rules, a failure to respond to a motion generally warrants the granting of the relief requested. See M.D.N.C. R. 7.3(k). No reason exists to depart from that general rule in this case. To the contrary, a review of the argument and authorities presented by Defendant (see Docket Entry 14 at 2-4) confirms that the Court should dismiss this action.

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed. R. Civ. P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). Said Rule also authorizes dismissal "[i]f the plaintiff fails to prosecute," Fed. R. Civ. P. 41(b). In this case, Plaintiff disobeyed the Court's Order to appear at the Initial Pretrial Conference (if, as occurred, he did not reach an agreement on a Joint Rule 26(f) Report with Defendant) and Plaintiff failed to prosecute this case in any way since Defendant filed its Answer. These circumstances warrant dismissal.

In making this recommendation, the undersigned United States Magistrate Judge recognizes that "dismissal is not a sanction to be invoked lightly." Ballard, 882 F.2d at 95. Generally, before dismissing an action under Federal Rule of Civil Procedure 41(b), a court should consider: "(i) the degree of personal responsibility

-4-

of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." Id.; accord Hillig v. Commission of Internal Revenue Serv., 916 F.2d 171, 174 (4th Cir. 1990). In this case, Plaintiff bears sole responsibility for the instant non-compliance and failure to prosecute, Plaintiff's inaction prejudiced Defendant by depriving it of required disclosures and by forcing it to appear at the Initial Pretrial Conference (due to Plaintiff's failure to confer regarding a Joint Rule 26(f) Report), Plaintiff has engaged in a pattern of dilatory conduct, and no other sanction appears feasible or sufficient.

Moreover, the Court specifically warned Plaintiff that his failure to respond to Defendant's instant Motion could lead the Court to determine that he did not dispute Defendant's contentions and that he had abandoned the case. "In view of th[at] warning, the [Court] ha[s] little alternative to dismissal. Any other course would have [the effect of] plac[ing] the credibility of the [C]ourt in doubt and invit[ing] abuse." Id.

The Court previously has ruled dismissal under Federal Rule of Civil Procedure 41(b) appropriate under analogous circumstances. See Long v. Becton, Dickinson & Co., No. 1:04CV1111, 2006 WL 473881, at *1-3 (M.D.N.C. Feb. 28, 2006) (unpublished) (Beaty, J.) (holding that, where "Plaintiff failed to appear for the scheduled

pre-trial conference and has failed to participate or appear in this litigation since that time," including by failing to respond to a motion to dismiss, "dismissal is also appropriate pursuant to Rule 41").

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to Prosecute His Case (Docket Entry 13) be **GRANTED** and that this action be **DISMISSED** under Federal Rule of Civil Procedure 41(b).

                                          /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                                   **United States Magistrate Judge**
November 9, 2011